IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CAROLYN M. DAVIS, | ) | |
| | ) | 4:06CV3291 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      This matter is before the court on plaintiff's motion for approval of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, Filing No. 31, and 42 U.S.C. § 406(b), of the Social Security Act (the Act), Filing No. 34. Plaintiff seeks EAJA fees in the amount of $6,061.43 for work provided by counsel and $757.10 for work provided by paralegals. The defendant responded with a notice that the parties jointly agreed to an award of $6,400 for attorney fees and costs under the EAJA. Filing No. 37.

      The EAJA provides for the award of attorney fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed two million dollars at the time the civil action was filed; and (3) the fees and expenses were "incurred by that party in [the] civil action" in which it prevailed. 28 U.S.C. § 2412(d)(1)(A), (2)(B); *United States Sec. and Exch. Comm'n v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004). Courts called upon to interpret the EAJA should endeavor to interpret the fee statute in light of its purpose, which was to diminish the deterrent effect of seeking review of, or defending against, governmental action. See *Sullivan v. Hudson,* 490 U.S. 877, 883 (1989).

A prevailing Social Security claimant may recover fees under the EAJA if the Commissioner's position was not substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). The burden of establishing that the position of the United States was substantially justified "must be shouldered by the Government." *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). To establish substantial justification, the Commissioner must show that the denial of benefits had "a reasonable basis in law and fact." *Goad*, 398 F.3d at 1025.

Plaintiff also seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of 25 percent of plaintiff's past-due benefit award. Plaintiff has shown that the fee is contemplated by the fee agreement between plaintiff and counsel. The Social Security Act authorizes a federal district court to award attorney fees for representation before the court under 42 U.S.C. § 406(b). Congress enacted § 406(b) to "protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of appropriate fees." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002). Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, attorney fees are withheld by the Commissioner and paid directly to the attorney out of past-due benefits awarded. 42 U.S.C. § 406(b); 20 C.F.R. § 404.1720(b)(4) (2006).

"[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.* at 807. However, a contingency-fee agreement that provides for fees in excess of the boundary imposed by Congress, 25 percent of past-due benefits, is *per se* unreasonable. *See id.*; 42 U.S.C. § 406(b)(1)(A). If the contingency-fee agreement

is at or below the 25 percent boundary, the attorney for the successful claimant must establish that the fee sought is reasonable in proportion to the services rendered. *Gisbrecht*, 535 U.S. at 807.

District courts are responsible for conducting an "independent check" to ensure the fee award is reasonable. *Id.* A court should determine whether a downward adjustment of an attorney's recovery is appropriate based on the character of the representation and the results the attorney achieved. *Id.* at 808. To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment if the award of benefits is large in comparison to the amount of time counsel spent on the case. *Id.*; *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) ("Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate"). Courts may also reduce an award in situations "occasioned by improper conduct or ineffectiveness of counsel," such as where an attorney delays a case to increase the attorney's share of "past-due" benefits. *Rodriquez*, 865 F.2d at 746; *Gisbrecht*, 535 U.S. at 808.

Courts may award attorney fees to prevailing claimants and their attorneys under both the EAJA and § 406(b), but a double recovery, however, is not permitted. *Gisbrecht*, 535 U.S. at 796. When both awards are granted, the attorney must refund the lesser award to the client. *Id.* "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the

past-due benefits." *Id.* (quotations and ellipses omitted). Plaintiff's counsel acknowledges in his application for award of 406(b) fees that if fees are awarded under 42 U.S.C. § 406(b), it will be counsel's responsibility to refund plaintiff the lesser of the EAJA fees or the fees awarded pursuant to section 406(b).

Defendant has stipulated to an EAJA award of $6,400.000 and has no objection to making payment directly to plaintiff's counsel, as assignee, in accordance with plaintiff's contractual assignment. *See* Filing No. 37, Defendant's Response. The court finds that the reasonableness of the § 406 (B) award cannot be determined at this time. Accordingly, the court will award fees under the EAJA, but the motion for fees under § 406(b)(1) will be denied at this time as premature, without prejudice to reassertion once past-due benefits are calculated.

IT IS ORDERED:

1. Plaintiff's motions are granted in part and denied in part as premature.
2. Plaintiff is awarded fees under the EAJA in the amount of $6,400.00.
3. A judgment for EAJA attorney fees in accordance with this Memorandum and Order will be entered this date.

DATED this 10th day of June, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge